# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**

    **Plaintiff,**

**vs.**           **Case No.  4:21cv511-AW-MAF**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On December 16, 2021, the pro se Plaintiff initiated this case by submitting a civil complaint, ECF No. 1, a motion for leave to proceed in forma pauperis, ECF No. 3, a certificate of interested persons and corporate disclosure statement, ECF No. 4, and a motion for assistance with service of process, ECF No. 5.  Having reviewed Plaintiff's in forma pauperis motion, ECF No. 3, it will be granted for the purpose of dismissing this case.[1]  Plaintiff will not be required to pay the filing fee for this case.

---

[1] Plaintiff filed a very similar in forma pauperis motion in another case, *see* case number 4:20cv572-RH-MJF, which was denied and Plaintiff was required to pay the filing fee.  ECF No. 4 of that case.  In an effort to close the door on a vexatious litigant, it is recommended that this case not be delayed for Plaintiff to pay the fee, or dismissed

Notably, Plaintiff did not file a notice of a prior or similar case as required by Local Rule 5.6. That rule directs a party who files a case to also file a notice if a prior case in this District included "an identical claim - or a similar claim - between some or all of the same or related parties" and that case was "previously terminated by any means." N.D. Fla. Loc. R. 5.6(A). Judicial notice is taken Plaintiff has previously filed a number of prior cases in this District which raised identical and similar claims between the same and related parties.

Plaintiff filed case number 4:19cv507-MW-CAS on October 10, 2019, seeking an order from this Court which would overturn certain state court orders in an effort to block the foreclosure of property in Seminole County, Florida. It was dismissed sua sponte on December 9, 2019, without objection, for lack of subject matter jurisdiction. ECF No. 6 of that case. Specifically, the case was dismissed on the basis of the Rooker-Feldman doctrine and Plaintiff was informed that a federal district court lacks authority to review state court orders and judgments. *Id.* ECF No. 6 of that case. Although the case was brought against "U.S. Bank Trust National Association," it included a similar claim against a related party.

---

should Plaintiff not comply with an order to pay the fee. *See* case 4:20cv572-RH-MJF.

Case No. 4:19cv128-MW/CAS

Another prior challenge brought by Plaintiff to prevent the foreclosure of that property was case number 4:17cv502-WS-CAS, brought against the same Defendant named in this case - Federal National Mortgage Association ("Fannie Mae"). There, Plaintiff claimed that the state court had issued numerous "void and null orders," that she was not properly served with documents, and the Defendant filed false pleadings and obtained a "fraudulent default order." See ECF No. 28 of that case. Initially, that case was stayed pursuant to the Colorado River abstention doctrine, see ECF Nos. 28 and 29, but it was subsequently dismissed on March 16, 2020, as barred by the Rooker-Feldman doctrine after the underlying state foreclosure action had concluded. ECF Nos. 65 and 72. Plaintiff filed an appeal, but the Eleventh Circuit affirmed the dismissal on the alternative ground of res judicata. ECF Nos. 98 and 102. That case includes a similar claim to the claims Plaintiff raises in this case.

In December of 2020, Plaintiff filed a third case against this same Defendant. Case number 4:20cv572-RH-MJF was dismissed on April 7, 2021, because Plaintiff failed to pay the filing fee. ECF Nos. 7-8.

While the Report and Recommendation[2] in case number 4:20cv572 was pending, Plaintiff initiated yet another case against the Defendant - case number 4:21cv130-WS-MAF.  Again, Plaintiff claimed the Defendant committed fraud and she sought to "set aside or vacate" the order entered in case number 4:17cv502.  Plaintiff continued to try to overturn the state court order that foreclosed her property in Winter Park, Florida.  Once again, the case was dismissed on the basis of the Rooker-Feldman doctrine and the lack of subject matter jurisdiction.  *See* ECF Nos. 4 and 12 of case # 4:21cv130.

This is now Plaintiff's fifth case against the same Defendant.  Plaintiff contends that the Defendant received a final order for relief in her prior case, 4:17cv502, but was not entitled to relief as a matter of law.  ECF No. 1 at 6.  Although Plaintiff notes that the Eleventh Circuit affirmed the judgment and dismissal of that case, she claims that both the prior order entered by this Court and the order entered by the Eleventh Circuit "are void orders."  *Id.* at 7.  Plaintiff claims she "is entitled" to have this Court "set aside and or vacate the order."  *Id.*  Plaintiff continues to allege that the

---

[2] The Report and Recommendation was entered on March 3, 2021.  ECF No. 6 of case # 4:20cv572.  Notably, Plaintiff paid the filing fee for case number 4:21cv130.

Case No. 4:19cv128-MW/CAS

Defendant made false filings and committed fraud in the foreclosure proceedings. She also continues to request that this Court "set aside, vacate, or quash the order of dismissal" in case number 4:17cv502, award her monetary damages, and enter judgment in her favor. *Id.* at 36.

As Plaintiff has previously been informed, the doctrine of res judicata "bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)). Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the court entering judgment was a court of competent jurisdiction, (3) the parties in the instant case were parties in the prior case, and (4) both lawsuits involve the same causes of action. McCulley, 605 F. App'x at 878 (holding that plaintiffs who brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds). All elements are met in this case. Plaintiff's prior case was dismissed because her claims were barred by the Rooker-Feldman doctrine. That dismissal was affirmed on appeal by the Eleventh Circuit.

Case No. 4:19cv128-MW/CAS

This Court, as well as the Eleventh Circuit, are courts of competent jurisdiction, the parties are the same, and Plaintiff's claims are the same. Indeed, Plaintiff has continued to bring redundant claims with no merit even after several dismissals. This case should be dismissed.

Her continued efforts to litigate her dissatisfaction with the state court's foreclosure judgment is harassing in nature and borders on vexatious litigation. Federal court have an inherent power and constitutional obligation "to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (quoted in Watkins v. Dubreuil, 820 F. App'x 940, 946 (11th Cir. 2020)). A federal court cannot permit a single litigant to interfere with "the judicial machinery needed by others." Procup, 792 F.2d at 1074. Plaintiff's duplicative filing of cases must come to a stop. Her lengthy complaints are frivolous, and review of them detracts from the processing of cases which have not yet been adjudicated. Plaintiff should be sanctioned if she continues to file litigation against Federal National Mortgage Association ("Fannie Mae") concerning the foreclosed property.

Case No. 4:19cv128-MW/CAS

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 3, be **GRANTED** for the limited purpose of dismissal, that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is barred by res judicata, and Plaintiff's motion for assistance with service, ECF No. 5, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2022.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv128-MW/CAS