IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ADA ALBORS GONZALEZ,**

    **Plaintiff,**

**v.**                                                               Case No. 4:21-cv-511-AW-MAF

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

    **Defendant.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Ada Albors Gonzalez sued Fannie Mae, alleging that Fannie Mae filed "a frivolous foreclosure complaint." ECF No. 1 ¶ 24. As the magistrate judge explained in the January 5, 2022 report and recommendation (ECF No. 7), Gonzalez has filed multiple actions against Fannie Mae. Indeed this court recently dismissed another one about the same foreclosure at issue here. The Eleventh Circuit affirmed the dismissal, concluding that res judicata barred Gonzalez's claim. *Gonzalez v. Fed. Nat'l Mortgage Ass'n*, 860 Fed. Appx. 693, 694 (11th Cir. 2021) ("That the 2019 Foreclosure Judgment constituted a judgment by a court of competent jurisdiction and that the state foreclosure proceedings involved the same parties as (or those in privity with) the parties to this civil action is clear. . . . Because the allegations of fraud raised in this case have already been raised and rejected in the state foreclosure proceedings, Plaintiff is now barred as a matter of law from raising her fraud claim

1

in federal court. We affirm the dismissal with prejudice of Plaintiff's complaint.");  *also compare* Case No. 4:17-cv-502, ECF No. 1-1 at 10 *with* this case's ECF No. 1 ¶ 24. Here, too, res judicata applies and bars Gonzalez's claims, as the magistrate judge concluded.

I have considered de novo and rejected Gonzalez's objections. ECF No. 8. To the extent she complains that the magistrate judge recommended dismissal "without a motion to dismiss or the appearance by the Defendant," I note that this is not problematic. When a plaintiff proceeds IFP, the court has authority—indeed the duty—to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2). This provision applies to prisoner and non-prisoner plaintiffs. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). And because of res judicata, Gonzalez's claim meets that standard.

Gonzalez is also precluded from arguing that the earlier state-court case did not, in fact, preclude future claims. The Eleventh Circuit resolved that issue against Gonzalez in the earlier appeal (see above), so issue preclusion keeps her from arguing otherwise here.

Finally, Gonzalez says she should have an opportunity to amend. Ordinarily, a plaintiff will be given a chance to amend before a case is dismissed. But here, the

amendment would be futile. The claims she seeks to bring were resolved (or available to be resolved) in the earlier litigation, so no amendment will be successful.

The in forma pauperis motion (ECF No. 3) is GRANTED. The motion for assistance (ECF No. 5) is DENIED as moot. The report and recommendation (ECF No. 7) is adopted and incorporated into this order. The clerk will enter judgment that says: "This case is dismissed with prejudice." The clerk will then close the file.

SO ORDERED on January 24, 2022.

                                  s/ *Allen Winsor*
                                  United States District Judge